## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ROY AUSTIN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-115-JMS-DKL |
| | ) | |
| J. BAKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Entry Discussing Motion to Dismiss

Roy Austin Smith brings this action pursuant to 42 U.S.C. § 1983 alleging that (1) the defendants violated his right to free speech and right to petition the court when they interfered with his ability to comply with the Indiana Tort Claims Act, (2) the defendants violated his right to receive just compensation when they prevented him from being compensated for the loss of his personal property, and (3) the defendants interfered with his rights to equal protection and due process of law. Each of these allegations depends on Smith's assertion that he filed a Notice of Tort Claim, a claim which the Sullivan Circuit Court already decided against him. The defendants move to dismiss.

### Standard

To survive a motion to dismiss, the complaint must contain sufficient factual allegations which, accepted as true, state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The plausibility requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* is defeated, however, when a plaintiff pleads himself out of court "by alleging facts that show there is no viable claim.@ *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th. Cir. 2008).

### Discussion

In support of his claims, Smith alleges that he presented to counselor J. Baker three notices of loss of property tort claims for mailing, that Baker informed him that the notices had been received and mailed, and that funds had been deducted from his prisoner account to cover the cost of postage to mail these claims.

Case 2:12-cv-00115-JMS-DKL   Document 29   Filed 11/27/12   Page 2 of 3 PageID #: 227

According to the complaint, Smith then filed a tort complaint in the Sullivan Circuit Court. Smith then claims that Tort Claim Administrative Assistants Michael Ward and Linda VanNatta submitted affidavits to the court that he had filed no notices of tort claim. The Sullivan Circuit Court found that Smith failed to file his tort claim notices and dismissed his complaint. The Indiana Court of Appeals affirmed. Smith asserts "that the state court's dismissal of his Fourteenth Amendment Claim for the State's deprivation, destruction, loss or confiscation of plaintiff's personal property was improper . . . ."

The defendants argue that the plaintiff's claims are barred by the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine precludes lower federal courts from exercising jurisdiction over claims that would require them to review a final judgment of a state court." *Manley v. City of Chicago*, 236 F.3d 392, 396 (7th Cir. 2001). "The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations." *Id.* (citing *Ritter v. Ross*, 992 F.2d 750, 753 (1993)). The "key inquiry is whether the district court is in essence being called upon to review the state-court decision." *Id.* (internal quotations omitted).

To determine whether the *Rooker-Feldman* doctrine applies, the court asks the fundamental question "whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir. 1999) (quotation omitted); *see also Centres*, 148 F.3d at 702; *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). "'If the injury alleged resulted from the state court judgment itself, the *Rooker-Feldman* doctrine dictates that the federal courts lack subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional.'" *Long*, 182 F.3d at 555 (quoting *Centres*, 148 F.3d at 702 (footnote omitted)); *see also Garry*, 82 F.3d at 1365-66. "'By contrast, if the alleged injury is distinct from the state court judgment and not inextricably intertwined with it, the *Rooker-Feldman* doctrine does not apply, although the doctrines of claim and issue preclusion may be applicable.'" *Long*, 182 F.3d at 555 (quoting *Centres*, 148 F.3d at 702); *see also Garry*, 82 F.3d at 1365-66.

Here, Smith raises the same issues he raised in the Sullivan Circuit Court. He also directly challenges that court's determination that he failed to file a Notice of Tort Claim and its consequent dismissal of his lawsuit. Smith also alleges that defendants Baker, Ward, and VanNatta violated his constitutional rights by interfering with his ability to file a Notice of Tort Claim. Any claim based on the same acts that supported the complaint in the Sullivan Circuit Court and any claim dependent upon Smith's assertion that he filed a Notice of Tort Claim is dismissed because it is barred by the *Rooker-Feldman* doctrine. Any such claim is inextricably intertwined with the state-court judgment that Smith failed to file such a Notice. *See Long*, 182 F.3d at 555.

To the extent Smith raises a claim in his complaint based on his allegation that defendants Ward and VanNatta submitted untruthful affidavits to the Sullivan Circuit Court, these defendants are entitled to immunity against this claim. *See Briscoe v. LaHue*, 460 U.S. 325, 332 (1983). This immunity applies to affidavits as well as in-court testimony. *Griffin v. Summerlin*, 78 F.3d 1227, 1230-31 (7th Cir. 1995) ("The policy considerations underlying witness immunity for testimony in open court apply with equal force to other forms of testimony such as depositions and affidavits."). Because Ward and VanNatta have witness immunity, any claim against them based on their affidavit testimony must be dismissed.

**IT IS SO ORDERED.**

Date: 11/27/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**All electronically registered counsel**

ROY AUSTIN SMITH
6274
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838